THE FUND FOR ANIMALS,
et al Plaintiffs,

v.

Gale NORTON, et al, Defendants.

Greater Yellowstone Coalition,
et al Plaintiffs,

v.

Gale Norton, et al, Defendants.

No. CIV.A.02–2367 EGS.

United States District Court,
District of Columbia.

June 30, 2004.

---

**8**

Eric Robert Glitzenstein, Howard M. Crystal, Meyer & Glitzenstein, Washington, DC, Douglas L. Honnold, Bozeman, MT, for Plaintiffs.

Lauren Beth Fischer, U.S. Department of Justice, Washington, DC, for Defendants.

William P. Horn, Birch, Horton, Bittner and Cherot, Washington, DC, Susan E. Buxton, Boise, ID, Jay A. Jerde, Lynda Graham Cook, Attorney General's Office, Cheyenne, WY, for Movants.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

Pending before the Court are Federal Defendants' Conditional Motion for Partial Relief from Judgment, the Fund for Animals Plaintiffs' Motion to Modify Relief, and the Greater Yellowstone Coalition Plaintiffs' Motion for an Injunction.[1] Upon careful consideration of the motions, the responses and replies thereto, the entire record herein, as well as the governing statutory and case law, and for the following reasons, it is by the Court hereby **ORDERED** that the Federal Defendants' Conditional Motion for Partial Relief from Judgment is **GRANTED**, and the Fund for Animals Plaintiffs' Motion to Modify Relief and the Greater Yellowstone Coalition Plaintiffs' Motion for an Injunction are **DENIED WITHOUT PREJUDICE** to refiling, if appropriate, upon the National Park Service's promulgation of a Rule governing winter use in the Yellowstone Parks.

## I. *PERTINENT HISTORY*

This case originally came before the Court on the Fund for Animals' ("Fund") and the Greater Yellowstone Coalition's ("Yellowstone Coalition") challenge to the National Park Service's ("Service" or "NPS") administrative decision, codified in a 2003 Supplemental Environmental Impact Statement ("SEIS") and Record of Decision ("2003 ROD"), to allow continued snowmobiling and trail grooming in Yellowstone National Park, Grand Teton Na-

---

1. The Fund for Animals Plaintiffs' pending Motion to Amend Judgment, filed at Docket Entry # 109, is not addressed in this Order.

tional Park, and the John D. Rockefeller, Jr. Memorial Parkway (collectively "Yellowstone" or "Parks"). During the course of this litigation, and a mere six days before the snowmobiling season was scheduled to begin, the NPS issued a Final Rule governing winter use in the Yellowstone Parks. *See* Winter Use Plan Final Rule, 68 Fed.Reg. 69,268 (Dec. 11, 2003)("2003 Rule"). On December 16, 2003, this Court, finding both Administrative Procedure Act ("APA") and National Environmental Policy Act ("NEPA") violations, vacated and remanded the 2003 Record of Decision, the 2003 Supplemental Environmental Impact Statement, and the 2003 Final Rule to the National Park Service, U.S. Department of the Interior, for further proceedings not inconsistent with the Opinion. Taking notice that the NPS's published 2003 Final Rule stated that, absent promulgation of the new regulations, the existing 2001 regulations would go into effect, the Court further ordered that "the prior January 22, 2001, Final Rule, as modified by the November 18, 2002, Final Rule, shall remain in effect until further Order of the Court." *See The Fund for Animals v. Norton* 294 F.Supp.2d 92, 115 (D.D.C. 2003); *see also* 2003 Final Rule, 68 Fed. Reg. at 69,269 ("Absent the promulgation of these new regulations, the existing regulations which reduce the numbers of snowmobiles that may be used in the parks during the winter of 2003–2004, but without air and sound emissions requirements, will continue to apply."). Defendants' subsequent Motion for a Stay was denied by the United States Court of Appeals for the District of Columbia. *The Fund for Ani-*

*mals v. Norton,* 2004 WL 98700 (D.C.Cir. Jan.13, 2004).

After unsuccessfully seeking a stay of this Court's decision in this Circuit, the State of Wyoming and the International Snowmobile Manufacturers Association, both intervenors in the case before this Court, moved for injunctive relief in the U.S. District Court for Wyoming, specifically seeking to enjoin implementation of the 2001 Rule.[2] *See Int'l Snowmobile Mfrs. Ass'n. v. Norton,* 304 F.Supp.2d 1278, 1285 (D.Wyo.2004). The Wyoming court granted the relief sought, ordered that the NPS was "temporarily restrained from enforcing the 2001 Snowcoach Rule," and further ordered the NPS to

> promulgate temporary rules for this 2004 snowmobile season that will be fair and equitable to snowmobile owners and users, to the business community, and to the environmental interests, such as the Greater Yellowstone Coalition, by limiting snowmobile use to four-stroke machines, and to all other interests public and private, of which the NPS is aware.

*Id.* at 1294.

## II. ANALYSIS

### A. Federal Defendants' Motion for Relief from Judgment

Federal Defendants now seek relief from this Court's Order enjoining the 2003 Rule and implementing the 2001 Rule. They argue that the NPS "is left in the impossible position of having to satisfy two irreconcilable court orders," and aver that "coordinate courts should avoid issuing conflicting orders."[3] Fed. Defs.' Mot. at 4–5 (quoting *Feller v. Brock,* 802 F.2d

---

2. Litigation surrounding the 2001 Rule commenced in the Wyoming District Court in December of 2000. In June 2001, the parties entered into a settlement agreement, and the Wyoming court stayed the litigation. Per the State of Wyoming's request, the Wyoming

court reopened the case. *Int'l Snowmobile Mfrs. Ass'n.,* 304 F.Supp.2d at 1285.

3. Interestingly, it is the Court's understanding that defendants have not sought to be relieved from the Wyoming court's order.

722, 728–729 (4 th Cir.1986)). Intervenors International Snowmobile Manufacturers Association, *et al.*, support the federal defendants' motion, arguing "it is simply inequitable to require the Federal Defendants to implement such a seriously flawed decision [the 2001 Rule] ... the change in circumstances in the form of a judicial review of the 2001/2002 regulations [the Wyoming court Order enjoining the 2001 Rule] necessitates modifying this portion of the Court's Order." Intervenors' March 5, 2004, Response at 7.

While Federal Defendants are correct that they are faced with conflicting orders from sister courts, this "impossible situation" is not of this Court's making. This Court's December 2003 Opinion and Order was issued several months *prior* to the Wyoming court's decision; the Intervenors, having failed to achieve the result they wanted in this Court, chose to seek relief from another court in another Circuit. That confusion resulted should come as no surprise to any defendant or intervenor. Moreover, this Court's implementation of the 2001 Rule was also no surprise; the Court, as noted above, followed the course of action set out in the 2003 Final Rule, and the course of action defendants articulated and agreed to in open court. *See, e.g.,* Transcript of Motions Hearing at 7 (Morning Session) (Nov. 20, 2003) ("Tr.") (Federal Defendants' counsel stating that if the 2003 Final Rule did not go into effect, the parks would "operate under the 2001 Regulation ... the Park Service is ready with a backup ... they are prepared to operate under the fifty percent mandate.").

That said, the fact remains that this Court remanded and vacated the 2003 Rule, put in place the prior 2001 Rule, and the Wyoming court subsequently enjoined

the implementation of the 2001 Rule. In effect, defendants are required by this Court's Order to implement a Rule that another court has mandated cannot be enforced. Moreover, it is the Court's understanding that a rule governing the 2004–2005 Winter season does not currently exist: the 2003 Rule was enjoined, the 2001 Rule was subsequently enjoined, and the temporary Rule put in place by order of the Wyoming court was an interim rule only in place "for *this* 2004 snowmobile season." *Int'l Snowmobile Mfrs. Ass'n.,* 304 F.Supp.2d at 1294 (emphasis added).

■ Accordingly, the most prudent course of action, and the action most likely to lend some clarity to increasingly unclear agency proceedings, is to relieve Federal Defendants from an obligation to enforce the 2001 Rule. However, lest there be any doubt by anyone, the Court sharply emphasizes that the remainder of the Court's December 16, 2003, Opinion and Order remains in full force and effect; Federal Defendants still have an obligation to conduct the new rule-making process in a manner consistent with, and addressing the concerns delineated in, the Court's December 2003 Opinion and Order.

The government is admonished that its enactment of rules literally hours prior to the commencement of the winter season does little, if anything, to properly inform the public of agency decisions, erodes the public's confidence in the rule-making process, and casts innumerable aspersions on the legitimacy of that process. Accordingly, in an attempt to avoid a repeat of last year's scenario—where the Court was put in the awkward position of rendering a complex decision in a matter of days due to the government's failure to issue a Final Rule, despite the Court's repeated warnings,[4] until a *mere six days* prior to the

---

4. The Court repeatedly questioned the NPS's

delay in promulgating the Final Rule, and the

start of the winter season—the Court will modify its December 16, 2003, Opinion and Order as follows: Federal Defendants shall promulgate a new Rule governing the 2004–2005 winter use season, not inconsistent with this Court's December 16, 2003, Opinion and Order, by a minimum of 30 days prior to the commencement of preparations—that is, trail grooming—for the 2004–2005 winter season.

## B. The Fund for Animals Plaintiffs' Motion to Modify Relief and the Greater Yellowstone Coalition Plaintiffs' Motion for an Injunction

Also pending before the Court are the Fund for Animals Plaintiffs' Motion to Modify Relief, which requests that the Court enjoin trail-grooming, and the Greater Yellowstone Coalition Plaintiffs' Motion for an Injunction, which requests that the Court enjoin snowmobiling.

Quite simply, the Court finds the motions to be premature. The 2003–2004 snowmobile season is over, and indeed concluded before either of these motions were filed. Thus, the complained of activities are not currently occurring; accordingly, the two motions can only be construed as seeking to prevent these activities from occurring upon the start of the 2004–2005 winter season. *See, e.g.,* Greater Yellowstone Coalition Plaintiffs' Motion for an Injunction at 9 ("Issuance of an injunction is necessary now in order to facilitate plan-

ning for *next* winter.") (emphasis added); Federal Defendants' Opposition to Fund for Animals' Motion to Modify Relief at 7 (noting that the 2003–2004 winter season has ended and "road grooming will not commence again until December 2004").

▪ The Court would be acting prematurely if it enjoined trail grooming or snowmobiling before the NPS has a full opportunity to comply with both today's Order and the December 2003 decision. Indeed, until a new Rule is promulgated, there is no guarantee that the NPS, heeding this Court's December 2003 decision when promulgating the new Rule, will permit trail grooming or snowmobiling in Yellowstone during the upcoming winter season. It is well settled that in order to warrant injunctive relief, the injury predicted "must be both certain and great; it must be actual and not theoretical. Injunctive relief 'will not be granted against something merely feared as liable to occur at some indefinite time.'" *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C.Cir.1985)(quoting *Connecticut v. Massachusetts*, 282 U.S. 660, 674, 51 S.Ct. 286, 75 L.Ed. 602 (1931)). Here, the harm asserted, while admittedly informed by past experience with NPS rule-making regarding Yellowstone winter use, is too speculative to warrant injunctive relief.[5]

Accordingly, it is by the Court hereby

---

implications for the 2003–2004 winter season. *See, e.g.,* Transcript of Motions Hearing (Morning Session) (Nov. 20, 2003) at 5–7 (Judge Sullivan asking: "Why has it taken so long for the government to issue a Final Ruling? The ROD has been out there for quite some time . . . You recognize that legitimate arguments can be made by some that the government's intentionally delaying publication of a final rule to coincide with the opening of the winter season, do you not?").

**5.** While the Fund for Animals styles its motion as one to "Modify Relief" pursuant to Fed. R.Civ.P. 60(b), they are actually (again) seek-

ing injunctive relief prohibiting trail grooming in certain areas of the Parks. *See, e.g.,* Fund for Animals Plaintiffs' Motion to Modify Relief at 11 (stating that "[s]uch an *injunction* would protect Park resources") (emphasis added); *id.* at 12 ("[s]uch an *injunction* would not preclude any other of the myriad winter use activities") (emphasis added); *id.* at 13 ("the *injunction* would obviously only last until NPS can demonstrate that it has considered the impacts of trail grooming in the manner required by federal law.") (emphasis added).

**ORDERED** that Federal Defendants' Conditional Motion for Partial Relief from Judgment is **GRANTED**; and it is

**FURTHER ORDERED** that the Federal Defendants shall promulgate a new Rule governing the 2004–2005 winter use season, not inconsistent with this Court's December 16, 2003 Opinion and Order, by a minimum of 30 days prior to the commencement of preparations—that is, trail grooming—for the 2004–2005 winter use season; and it is

**FURTHER ORDERED** that the Fund for Animals Plaintiffs' Motion to Modify Relief and the Greater Yellowstone Coalition Plaintiffs' Motion for an Injunction are **DENIED WITHOUT PREJUDICE** to refiling, if necessary, upon the promulgation of a Rule governing the 2004–2005 winter season.